# EXHIBIT A

21STCV43314

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

Electronically FILED by Superior Court of California, County of Los Angeles on 11/24/2021 12:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

Attorneys for Plaintiff LATISHA SHACONNA ANDERSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LATISHA SHACONNA ANDERSON, an individual, on behalf of herself, and on behalf of all persons similarly situated, | Case No.  21STCV43314 |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| BARTON MYERS ASSOCIATES, INC., a California Corporation; BARTON ASSOCIATES, INC., a California Corporation; BARTON & ASSOCIATES, INC., which will do business in California as BARTON MEDICAL, INC., a Delaware Corporation and DOES 1 through 50, Inclusive; | 2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.* |
| | 3. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| Defendants. | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND |

**1**

Exhibit A, Page 5

THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO PAY WAGES WHEN DUE IN VIOLATION OF CAL. LABOR CODE §§ 201, 202 AND 203;
8. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698 ET SEQ.]

**DEMAND FOR JURY TRIAL**

Plaintiff LATISHA SHACONNA ANDERSON ("PLAINTIFF") an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1.      Defendant BARTON MYERS ASSOCIATES, INC. ("Defendant Myers") is a California Corporation that at all relevant times owns and operates a locum tenens staffing agency which provided temporary employees to medical and dental facilities in the state of California, county of Los Angeles.

2.      Defendant BARTON & ASSOCIATES, INC. ("Defendant Barton") is a California Corporation that at all relevant times owns and operates a locum tenens staffing agency which provided temporary employees to medical and dental facilities in the state of California, county of Los Angeles.

3.      Defendant BARTON & ASSOCIATES, INC., which will do business in California as BARTON MEDICAL, INC. ("Defendant Barton Medical") is a Delaware Corporation that at all relevant times owns and operates a locum tenens staffing agency which provided temporary employees to medical and dental facilities in the state of California, county of Los Angeles

4.      Defendant Myers, Defendant Barton and Defendant Barton Medical were the joint employers of PLAINTIFF as evidenced by the contracts signed and by the company the PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein and collectively referred to herein as "DEFENDANTS" and/or "DEFENDANT."

1    DEFENDANTS provide homecare and healthcare services in the state of California, county of Los
2    Angeles

3         5.      The true names and capacities, whether individual, corporate, subsidiary, partnership,
4    associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to
5    PLAINTIFF who therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc.
6    Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and
7    capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and
8    believes, and based upon that information and belief allege, that the Defendants named in this
9    Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANTS" and/or
10   "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that
11   proximately caused the injuries and damages hereinafter alleged.

12        6.      The agents, servants and/or employees of the DEFENDANTS and each of them acting on
13   behalf of the DEFENDANTS acted within the course and scope of his, her or its authority as the agent,
14   servant and/or employee of the DEFENDANTS, and personally participated in the conduct alleged
15   herein on behalf of the DEFENDANTS with respect to the conduct alleged herein. Consequently, the
16   acts of each of the DEFENDANTS are legally attributable to the other and all DEFENDANTS are
17   jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a
18   proximate result of the conduct of the DEFENDANTS' agents, servants and/or employees.

19        7.      DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of
20   PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused
21   to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating
22   hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to
23   civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

24        8.      DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of
25   PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,
26   within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee
27   a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties
28   for each underpaid employee.

1      9.    PLAINTIFF was employed by DEFENDANTS as a non-exempt employee from June of 2021 to July of 2021, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum wages, and overtime wages due for all time worked.

10.    At all times during PLAINTIFF's employment, PLAINTIFF suffered from a disability that requires her to use a wheelchair. DEFENDANT was aware of PLAINTIFF's condition during the course of her employment. In or around June 2021, PLAINTIFF requested a more comfortable chair to sit in for the duration of her work shifts. DEFENDANT provided PLAINTIFF with another chair, however, the chair provided by DEFENDANT was firm causing PLAINTIFF to suffer sores. Subsequently, PLAINTIFF submitted a new request for a more comfortable chair that would not cause her to suffer sores. DEFENDANT refused to accommodate PLAINTIFF and continued to require her to remain in the uncomfortable chair that exacerbated her disability.

11.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by Defendant Myers and/or Defendant Barton and/or Defendant Barton Medical and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four years from the date of the filing of this Complaint and ending on a date determined by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00). PLAINTIFF reserves the right to amend the following class definitions before the Court determines whether class certification is appropriate, or thereafter upon leave of Court.

12.    PLAINTIFF brings this Class Action on behalf of herself and on behalf of the CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which (1) failed to provide PLAINTIFF and the CALIFORNIA CLASS with legally compliant meal and rest periods or an additional hour of pay at the regular rate of compensation in *lieu* thereof in violation of California Labor Code Sections 226.7(c) and the applicable Industrial Welfare Commission Wage Order, (2) failed to pay PLAINTIFF and the CALIFORNIA CLASS for all hours worked in violation of, *inter alia,* California Labor Code Sections 510, 1194, 1197, and 1197.1, and (3) failed to provide accurate itemized wage statements in violation of California Labor Code Sections 226 and 226.3.

13.     DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANTS retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.

14.     PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANTS pursuant to Cal. Code of Civ. Proc. § 382.

16.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANTS, and DEFENDANTS (i) currently maintain and at all relevant times, maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CONDUCT

17.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice and procedure, intentionally, knowingly, and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the regular rate, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal rest premiums at the regular rate, and failed to issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and

CLASS ACTION COMPLAINT

Exhibit A, Page 9

1    the corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and

2    practices are intended to purposefully avoid the accurate and full payment for all time worked as

3    required by California law which allows DEFENDANTS to illegally profit and gain an unfair

4    advantage over competitors who comply with the law. To the extent equitable tolling operates to toll

5    claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should be adjusted

6    accordingly.

7    **A.   Meal Period Violations**

8         18.   Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS were

9    required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning

10   the time during which an employee is subject to the control of an employer, including all the time the

11   employee is suffered or permitted to work.  From time-to-time during the CLASS PERIOD,

12   DEFENDANTS required PLAINTIFF and CALIFORNIA CLASS Members to work without paying

13   them for all the time they were under DEFENDANTS' control.  Specifically, as a result of

14   PLAINTIFF's demanding work requirements and DEFENDANT'S understaffing, DEFENDANTS

15   required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-

16   duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked

17   out for what should have been PLAINTIFF's off-duty meal break. Indeed, there were many days where

18   PLAINTIFF did not even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA

19   CLASS Members forfeited minimum wage and overtime wages by regularly working without their

20   time being accurately recorded and without compensation at the applicable minimum wage and

21   overtime rates. DEFENDANTS' uniform policy and practice not to pay PLAINTIFF and other

22   CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANTS' business

23   records.

24        19.   From time-to-time during the CLASS PERIOD, as a result of their rigorous work

25   schedules, and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other CALIFORNIA

26   CLASS Members were from time to time unable to take thirty (30) minute off-duty meal breaks and

27   were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS

28   Members were required from time to time to perform work as ordered by DEFENDANTS for more

than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANTS from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANTS to work ten (10) hours of work from time to time. The nature of the work performed by PLAINTIFF and other CALIFORNIA CLASS Members does not qualify for limited and narrowly construed "on-duty" meal period exception. PLAINTIFF and other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

**B.**   **Rest Period Violations**

20.   From time-to-time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work schedule, being required to take orders, receive payments, expedite services, provide janitorial services, and DEFENDANTS' inadequate staffing. Further, for the same reasons these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and/or on call. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages in lieu thereof. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANTS and DEFENDANTS' managers.

**C.**   **Wage Statement Violations**

19.   California Labor Code Section 226 requires an employer to furnish its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

1   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

2   employee and only the last four digits of the employee's social security number or an employee

3   identification number other than a social security number, (8) the name and address of the legal entity

4   that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

5   corresponding number of hours worked at each hourly rate by the employee.

6       20.    From time to time during the CLASS PERIOD, when PLAINTIFF and other

7   CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed meal

8   and rest period premiums, or were not paid for all hours worked, DEFENDANTS also failed to provide

9   PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements

10  which failed to show, among other things, the total hours worked and all applicable hourly rates in

11  effect during the pay period and the corresponding amount of time worked at each hourly rate, correct

12  rates of pay for penalty payments or missed meal and rest periods.

13      21.    Further, form time-to-time, DEFENDANTS furnished PLAINTIFF and the members of

14  the CALIFORNIA CLASS with wage statements that failed to, gross wages earned, total hours worked,

15  the inclusive dates of the period for which the employee is paid, the name of the employee and either

16  the last for digits of his or her social security number or an employee identification number and the

17  correct applicable hourly rates in effect during the pay period and the corresponding number of hours

18  worked at each hourly rate by the employee.

19      22.    In addition to the violations described above, DEFENDANTS, from time to time, failed

20  to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply

21  with Cal. Lab. Code § 226. As a result, DEFENDANTS issued PLAINTIFF and the other members of

22  the CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.  Further,

23  DEFENDANTS' violations are knowing and intentional, were not isolated or due to an unintentional

24  payroll error due to clerical or inadvertent mistake.

25  **D. Regular Rate Violation – Overtime, Meal Premiums, and Sick Time**

26      23.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail

27  to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for

28  their overtime worked, meal and period premiums and sick pay.  DEFENDANT systematically,

1    unlawfully and unilaterally failed to accurately calculate minimum and overtime wages for time

2    worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying

3    these employees the correct compensation. As a result, PLAINTIFF and the other members of the

4    CALIFORNIA CLASS forfeited wages due them for working without compensation at the correct

5    overtime, meal and rest period premiums and sick pay rates. DEFENDANT's uniform policy and

6    practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all

7    overtime worked, meal and rest period premiums, and sick pay in accordance with applicable law is

8    evidenced by DEFENDANT's business records.

9       24.     State law provides that employees must be paid overtime at one-and-one-half times their

10    "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at

11    an hourly rate plus incentive compensation that was tied to specific elements of an employee's

12    performance.

13       25.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members'

14    compensation was DEFENDANT's non-discretionary incentive compensation that paid PLAINTIFF

15    and other CALIFORNIA CLASS Members incentive wages based on their performance for

16    DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly

17    basis with incentive compensation when the employees met the various performance goals set by

18    DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime, meal and

19    rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS Members,

20    DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of

21    pay". Management and supervisors described the incentive program to potential and new employees

22    as part of the compensation package. As a matter of law, the incentive compensation received by

23    PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."

24    The failure to do so has resulted in a systematic underpayment of overtime compensation, meal and

25    rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS Members by

26    DEFENDANT. Additionally. Pursuant to the Industrial Welfare Commission Wage Orders,

27    DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their

28    time worked, meaning the time during which an employee is subject to the control of an employer,

1  including all the time the employee is suffered or permitted to work.  DEFENDANT required
2  PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they
3  were under DEFENDANT's control.  Specifically, DEFENDANT required PLAINTIFF to work while
4  clocked out during what was supposed to be PLAINTIFF's off-duty meal break.  PLAINTIFF was
5  from time to time interrupted by work assignments.  As a result, the PLAINTIFF and other
6  CALIFORNIA CLASS Members forfeited overtime compensation by working without their time
7  being accurately recorded and without compensation at the applicable overtime rates.
8  DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS
9  Members for all time worked is evidenced by DEFENDANT's business records

10  **E.  CLASS ACTION ALLEGATIONS**

11  26.  PLAINTIFF brings the First through Seventh Causes of Action as a class action pursuant
12  to California Code of Civil Procedure § 382 on behalf of all of DEFENDANTS' current and former
13  non-exempt California employees ("CALIFORNIA CLASS") during the period beginning four years
14  prior to the filing of the Complaint and ending on a date determined by the Court ("CLASS PERIOD").

15  27.  PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been
16  deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid
17  minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums, illegal meal
18  and rest period policies, failure to separately compensate rest periods, failure to provide accurate
19  itemized wage statements, failure to maintain required records, and interest, statutory and civil
20  penalties, attorney's fees, costs, and expenses.

21  28.  The members of the class are so numerous that joinder of all class members is impractical.

22  29.  Common questions of law and fact regarding DEFENDANTS' conduct, including but not
23  limited to, unpaid meal and rest period premiums, failure to accurately calculate the regular rate of pay
24  for overtime compensation, failure to accurately calculate the regular rate of compensation for missed
25  meal and rest period premiums, failing to provide legally compliant meal and rest periods, failure to
26  provide accurate itemized wage statements accurate, and failure to ensure they are paid at least
27  minimum wage and overtime, exist as to all members of the class and predominate over any questions
28  affecting solely any individual members of the class. Among the questions of law and fact common to

the class are:

    a.     Whether DEFENDANTS maintained legally compliant meal period policies and practices;

    b.     Whether DEFENDANTS maintained legally compliant rest period policies and practices;

    c.     Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

    d.     Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

    e.     Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

    f.     Whether DEFENDANTS issued legally compliant wage statements;

    g.     Whether DEFENDANTS committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

    h.     Whether DEFENDANTS committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANTS enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

    i.     Whether DEFENDANTS committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

    30.    PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANTS' conduct and actions alleged herein.

11

**CLASS ACTION COMPLAINT**

1     31.    PLAINTIFF's claims are typical of the claims of the class, and PLAINTIFF has the same

2    interests as the other members of the class.

3     32.    PLAINTIFF will fairly and adequately represent and protect the interests of the

4    CALIFORNIA CLASS Members.

5     33.    PLAINTIFF retained able class counsel with extensive experience in class action

6    litigation.

7     34.    Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the interests

8    of the other CALIFORNIA CLASS Members.

9     35.    There is a strong community of interest among PLAINTIFF and the members of the

10    CALIFORNIA CLASS to, *inter alia,* ensure that the combined assets of DEFENDANTS are sufficient

11    to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

12     36.    The questions of law and fact common to the CALIFORNIA CLASS Members

13    predominate over any questions affecting only individual members, including legal and factual issues

14    relating to liability and damages.

15     37.    A class action is superior to other available methods for the fair and efficient adjudication

16    of this controversy because joinder of all class members in impractical. Moreover, since the damages

17    suffered by individual members of the class may be relatively small, the expense and burden of

18    individual litigation makes it practically impossible for the members of the class individually to redress

19    the wrongs done to them. Without class certification and determination of declaratory, injunctive,

20    statutory and other legal questions within the class format, prosecution of separate actions by individual

21    members of the CALIFORNIA CLASS will create the risk of:

22        a.     Inconsistent or varying adjudications with respect to individual members of the

23         CALIFORNIA CLASS which would establish incompatible standards of conduct for the

24         parties opposing the CALIFORNIA CLASS; and/or,

25        b.     Adjudication with respect to individual members of the CALIFORNIA CLASS

26         which would as a practical matter be dispositive of the interests of the other members not

27         party to the adjudication or substantially impair or impeded their ability to protect their

28         interests.

1    38.   Class treatment provides manageable judicial treatment calculated to bring an efficient

2  and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of

3  DEFENDANTS.

4                              **FIRST CAUSE OF ACTION**

5                             **For Unlawful Business Practices**

6                        **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

7          **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

8    39.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

10   40.   DEFENDANTS are "person[s]" as that term is defined under Cal. Bus. and Prof. Code §

11  17021.

12   41.   California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair

13  competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes

14  injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

15             Any person who engages, has engaged, or proposes to engage in unfair

16             competition may be enjoined in any court of competent jurisdiction. The

17             court may make such orders or judgments, including the appointment of a

18             receiver, as may be necessary to prevent the use or employment by any

19             person of any practice which constitutes unfair competition, as defined in

20             this chapter, or as may be necessary to restore to any person in interest any

21             money or property, real or personal, which may have been acquired by

22             means of such unfair competition.

23  Cal. Bus. & Prof. Code § 17203.

24   42.   By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA

25  CLASS Members, during the CLASS PERIOD, DEFENDANTS commit acts of unfair competition in

26  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

27  "UCL"), by engaging and continuing to engage in business practices which violates California law,

28  including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations

1   and the California Labor Code including Sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194,

2   1197, 1197.1, 1198, & 2802 for which this Court should issue declaratory and other equitable relief

3   pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct

4   held to constitute unfair competition, including restitution of wages wrongfully withheld.

5        43.    By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that

6   these practices violated public policy, were immoral, unethical, oppressive, unscrupulous, or

7   substantially injurious to employees, and were without valid justification or utility for which this Court

8   should issue equitable and injunctive relief pursuant to Section 17203 of the California Business &

9   Professions Code, including restitution of wages wrongfully withheld.

10       44.    By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent

11  in that DEFENDANTS' uniform policy and practice failed to, *inter alia,* provide the legally mandated

12  meal and rest periods, the required accurate amount of compensation for missed meal and rest periods,

13  overtime and minimum wages owed, provide accurate itemized wage statements, due to a systematic

14  business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial

15  Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this

16  Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

17  restitution of wages wrongfully withheld.

18       45.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair, and

19  deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the other members of

20  the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANTS.

21       46.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair, and

22  deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to, *inter alia,*

23  provide the legally mandated meal and rest periods, the required accurate amount of compensation for

24  missed meal and rest periods, overtime and minimum wages owed, provide accurate itemized wage

25  statements, to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal.

26  Labor Code.

27       47.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

28  CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period

1  was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in

2  which a second off-duty meal period was not timely provided for each ten (10) hours of work.

3       48.    PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA

4  CLASS Member, one (1) hour of pay for each workday in which an off duty paid rest period was not

5  timely provided as required by law.

6       49.    PLAINTIFF further demands on all wages due to PLAINTIFF and the members of the

7  CALIFORNIA CLASS as a result of working while off the clock on meal periods, inaccurately

8  calculated overtime and missed meal and rest periods premiums.

9       50.    By and through the unlawful and unfair business practices described herein,

10 DEFENDANTS has obtained valuable property, money, and services from PLAINTIFF and the other

11 members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has

12 deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of

13 these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly

14 compete against competitors who comply with the law.

15      51.    All the acts described herein as violations of, among other things, the Industrial Welfare

16 Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were

17 unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were

18 deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

19 Bus. & Prof. Code §§ 17200, *et seq.*

20      52.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do,

21 seek such relief as may be necessary to restore to them the money and property which DEFENDANTS

22 has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been

23 deprived, by means of the above described unlawful and unfair business practices, including earned but

24 unpaid wages for all overtime worked.

25      53.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

26 and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

27 that injunctive relief should be issued restraining DEFENDANTS from engaging in any unlawful and

28 unfair business practices in the future.

1    54.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

2    and/or adequate remedy at law that will end the unlawful and unfair business practices of

3    DEFENDANTS. Further, the practices herein alleged presently continue to occur unabated. As a result

4    of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

5    the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

6    harm unless DEFENDANTS is restrained from continuing to engage in these unlawful and unfair

7    business practices.

8                              **SECOND CAUSE OF ACTION**

9                          **For Failure to Pay Overtime Compensation**

10                              **[Cal. Lab. Code §§ 510, *et seq.*]**

11         **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

12    55.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

13    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

14    56.    PLAINTIFF and the other members of the CALIFORNIA CLASS for the period

15    beginning four years prior to the filing of the Complaint and the present ("CLASS PERIOD") bring a

16    claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the

17    Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees for

18    all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve

19    (12) hours in a workday, and/or forty (40) hours in any workweek.

20    57.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy,

21    an employer must timely pay its employees for all hours worked.

22    58.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed

23    more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they

24    receive additional compensation beyond their regular wages in amounts specified by law.

25    59.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including

26    overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198

27    further states that the employment of an employee for longer hours than those fixed by the Industrial

28    Welfare Commission is unlawful.

---
**16**
**CLASS ACTION COMPLAINT**

60.     During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members were required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time they worked or were not accurately compensated for all overtime hours worked.

61.     DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

62.     In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

63.     As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full compensation for all overtime worked.

64.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of herself, and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-negotiable, non-waivable rights provided by the State of California.

65.     During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned

1 | wages.

2 |      66.    DEFENDANTS failed to accurately pay PLAINTIFF and the other members of the

3 | CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum

4 | hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF

5 | and the other members of the CALIFORNIA CLASS were required to work, and did in fact work,

6 | overtime as to which DEFENDANTS failed to accurately record and pay using the applicable overtime

7 | rate as evidenced by DEFENDANTS' business records and witnessed by employees.

8 |      67.    By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation

9 | to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked,

10 | PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to

11 | suffer an economic injury in amounts which are presently unknown to them, and which will be

12 | ascertained according to proof at trial.

13 |      68.    DEFENDANTS knew or should have known that PLAINTIFF and the other members of

14 | the CALIFORNIA CLASS were under compensated for all overtime worked. DEFENDANTS

15 | systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay

16 | employees for their labor as a matter of uniform company policy, practice and procedure, and

17 | DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other

18 | members of the CALIFORNIA CLASS for overtime worked.

19 |      69.    In performing the acts and practices herein alleged in violation of California labor laws,

20 | and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide

21 | them with the requisite overtime compensation, DEFENDANTS acted and continues to act intentionally,

22 | oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS

23 | with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the

24 | despicable intent of depriving them of their property and legal rights, and otherwise causing them injury

25 | in order to increase company profits at the expense of these employees.

26 |      70.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request

27 | recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as

28 | well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the

1    California Labor Code and/or other applicable statutes. To the extent overtime compensation is

2    determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment,

3    DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals

4    are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

5    herein on behalf of these CALIFORNIA CLASS Members. DEFENDANTS' conduct as alleged herein

6    was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS

7    Members are entitled to seek and recover statutory costs.

8                   **THIRD CAUSE OF ACTION**

9                **For Failure to Pay Minimum Wages**

10            **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

11      **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

12      71.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

13    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

14      72.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for

15    DEFENDANTS' willful and intentional violations of the California Labor Code and the Industrial

16    Welfare Commission requirements for DEFENDANTS' failure to accurately record, calculate and pay

17    minimum wages to PLAINTIFF and CALIFORNIA CLASS Members during the CLASS PERIOD.

18      73.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy,

19    an employer must timely pay its employees for all hours worked.

20      74.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

21    commission is the minimum wage to be paid to employees, and the payment of a less wage than the

22    minimum so fixed in unlawful.

23      75.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including

24    minimum wage compensation and interest thereon, together with the costs of suit.

25      76.    DEFENDANTS maintain a uniform wage practice of paying PLAINTIFF and the other

26    members of the CALIFORNIA CLASS without regard to the correct amount of time they work. For

27    instance, as set forth herein, DEFENDANTS maintained a uniform policy that required PLAINTIFF to

28    work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break without

1   compensation.   Further, as set forth herein, DEFENDANTS' uniform policy and practice was to

2   unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members

3   of the CALIFORNIA CLASS.

4         77.     DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,

5   without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a

6   uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members

7   of the CALIFORNIA CLASS in regard to minimum wage pay.

8         78.     In committing these violations of the California Labor Code, DEFENDANTS inaccurately

9   calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF

10  and other members of the CALIFORNIA CLASS.  DEFENDANTS acted in an illegal attempt to avoid

11  the payment of all earned wages, and other benefits in violation of the California Labor Code, the

12  Industrial Welfare Commission requirements and other applicable laws and regulations.

13        79.     As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,

14  PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum

15  wage compensation for their time worked for DEFENDANTS.

16        80.     During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA

17  CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned

18  wages.

19        81.     By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation

20  to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked,

21  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to

22  suffer an economic injury in amounts which are presently unknown to them, and which will be

23  ascertained according to proof at trial.

24        82.     DEFENDANTS knew or should have known that PLAINTIFF and the other members of

25  the CALIFORNIA CLASS were under compensated for their time worked.   DEFENDANTS

26  systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay

27  employees for their labor as a matter of uniform company policy, practice and procedure, and

28  DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other

1   members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

2         83.    In performing the acts and practices herein alleged in violation of California labor laws,

3   and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide

4   them with the requisite compensation, DEFENDANTS acted and continue to act intentionally,

5   oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS

6   with a conscious and utter disregard for their legal rights, or the consequences to them, and with the

7   despicable intent of depriving them of their property and legal rights, and otherwise causing them injury

8   in order to increase company profits at the expense of these employees.

9         84.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request

10   recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of

11   any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code

12   and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed

13   to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS'

14   conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled

15   to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of

16   these CALIFORNIA CLASS members.  DEFENDANTS' conduct as alleged herein was willful,

17   intentional, and not in good faith.  Further, PLAINTIFF and other CALIFORNIA CLASS Members are

18   entitled to seek and recover statutory costs.

19   **FOURTH CAUSE OF ACTION**

20   **For Failure to Provide Required Meal Periods**

21   **[Cal. Lab. Code §§ 226.7 & 512]**

22   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

23         85.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

24   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

25         86.    During the CLASS PERIOD, from time to time, DEFENDANTS failed to provide all the

26   legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as

27   required by the applicable Wage Order and Labor Code.  The nature of the work performed by

28   PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved

1   of all their duties for the legally required off-duty meal periods. As a result of their rigorous work
2   schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time not fully
3   relieved of duty by DEFENDANTS for their meal periods. Additionally, DEFENDANTS' failure to
4   provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior
5   to their fifth (5th) hour of work is evidenced by DEFENDANTS' business records from time to time.
6   Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a
7   second off-duty meal period in some workdays in which these employees were required by
8   DEFENDANTS to work ten (10) hours of work. As a result, PLAINTIFF and other members of the
9   CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in
10   accordance with DEFENDANTS' strict corporate policy and practice.

11   87.   DEFENDANTS further violate California Labor Code §§ 226.7 and the applicable IWC
12   Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not
13   provided a meal period, in accordance with the applicable Wage Order, one additional hour of
14   compensation at each employee's regular rate of compensation for each workday that a meal period was
15   not provided.

16   88.   As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA
17   CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned
18   and due, interest, penalties, expenses and costs of suit.

19                          **FIFTH CAUSE OF ACTION**
20                    **For Failure to Provide Required Rest Periods**
21                         **[Cal. Lab. Code §§ 226.7 & 512]**
22   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

23   89.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and
24   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

25   90.   During the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members
26   were from time to time required to work in excess of four (4) hours without being provided ten (10)
27   minute rest periods. Further, these employees were denied their first rest periods of at least ten (10)
28   minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at

1 | least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second

2 | and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from

3 | time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-

4 | hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other

5 | CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANTS

6 | and DEFENDANTS' managers.

7 |      91.    DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC

8 | Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not

9 | provided a rest period, in accordance with the applicable Wage Order, one additional hour of

10 | compensation at each employee's regular rate of compensation for each workday that rest period was

11 | not provided.

12 |      92.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

13 | CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned

14 | and due, interest, penalties, expenses and costs of suit.

15 | **SIXTH CAUSE OF ACTION**

16 | **For Failure to Provide Accurate Itemized Statements**

17 | **[Cal. Lab. Code §§ 226 and 226.2]**

18 | **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

19 |      93.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

20 | incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

21 |      94.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

22 | "accurate itemized" statement in writing showing:

23 |      1.    Gross wages earned;

24 |      2.    Total hours worked by the employee, except for any employee

25 |      whose compensation is solely based on a salary and who is exempt from

26 |      payment of overtime under subdivision (a) of Section 515 or any applicable

27 |      order of the Industrial Welfare Commission;

28 |      3.    The number of piece-rate units earned and any applicable piece rate

1            if the employee is paid on a piece-rate basis;

2            4.     All deductions, provided that all deductions made on written orders

3            of the employee may be aggregated and shown as one item;

4            5.     Net wages earned;

5            6.     The inclusive dates of the period for which the employee is paid,

6            7.     The name of the employee and his or her social security number,

7            except that by January 1, 2008, only the last four digits of his or her social

8            security number or an employee identification number other than a social

9            security number may be shown on the itemized statement,

10           8.     The name and address of the legal entity that is the employer, and

11           9.     All applicable hourly rates in effect during the pay period and the

12           corresponding number of hours worked at each hourly rate by the employee.

13    95.   During the CLASS PERIOD, DEFENDANTS also failed to provide PLAINTIFF and the

14 other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed

15 to accurately show, among other things, (1) total number of hours worked, (2) net wages earned, (3)

16 gross wages earned; (4) the correct name and address of the legal entity that is the employer; and (5)

17 the last four (4) digits of employee's social security number or an employee identification number all

18 applicable hourly rates in effect during the pay period and the corresponding number of hours worked

19 at each hourly rate by the employee in violation of California Labor Code Section 226(a).

20    96.   Further, DEFENDANTS violated California Labor Code Section 226(a)(8) by failing to

21 provide the name and address of the legal entity that is the employer. In addition to the foregoing,

22 DEFENDANTS failed to provide itemized wage statements to PLAINTIFF and members of the

23 CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226.

24    97.   DEFENDANTS knowingly and intentionally failed to comply with Cal. Labor Code §

25 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA

26 CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for

27 the overtime worked and the amount of employment taxes which were not properly paid to state and

28 federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other

1   members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars ($50.00)

2   for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

3   violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, and all other damages and

4   penalties available pursuant to Labor Code § 226.2(a)(6), all in an amount according to proof at the time

5   of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective

6   member of the CALIFORNIA CLASS herein.

7                       **SEVENTH CAUSE OF ACTION**

8                   **FAILURE TO PAY WAGES WHEN DUE**

9                       **(Cal Lab. Code §§201, 202, 203)**

10         **((By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

11       98.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

12   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

13       99.     Cal. Lab. Code § 200 provides that:

14                     As used in this article:(a) "Wages" includes all amounts for labor

15                     performed by employees of every description, whether the amount

16                     is fixed or ascertained by the standard of time, task, piece,

17                     Commission basis, or other method of calculation. (b) "Labor"

18                     includes labor, work, or service whether rendered or performed

19                     under contract, subcontract, partnership, station plan, or other

20                     agreement if the labor to be paid for is performed personally by the

21                     person demanding payment.

22      100.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an

23   employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

24      101.     Cal. Lab. Code § 202 provides, in relevant part, that:

25                     If an employee not having a written contract for a definite period

26                     quits his or her employment, his or her wages shall become due and

27                     payable not later than 72 hours thereafter, unless the employee has

28                     given 72 hours previous notice of his or her intention to quit, in

1        which case the employee is entitled to his or her wages at the time

2        of quitting. Notwithstanding any other provision of law, an

3        employee who quits without providing a 72-hour notice shall be

4        entitled to receive payment by mail if he or she so requests and

5        designates a mailing address. The date of the mailing shall constitute

6        the date of payment for purposes of the requirement to provide

7        payment within 72 hours of the notice of quitting.

8    102.    There was no definite term in PLAINTIFF's or any CALIFORNIA CLASS Members'

9    employment contract.

10   103.    Cal. Lab. Code § 203 provides:

11       If an employer willfully fails to pay, without abatement or reduction,

12       in accordance with Sections 201, 201.5, 202, and 205.5, any wages

13       of an employee who is discharged or who quits, the wages of the

14       employee shall continue as a penalty from the due date thereof at the

15       same rate until paid or until an action therefor is commenced; but

16       the wages shall not continue for more than 30 days.

17   104.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated,

18   and DEFENDANTS has not tendered payment of wages, to these employees who missed meal and rest

19   breaks, as required by law.

20   105.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members

21   of the CALIFORNIA CLASS whose employment has, PLAINTIFF demands up to thirty days of pay

22   as penalty for not paying all wages due at time of termination for all employees who terminated

23   employment during the CLASS PERIOD and demands an accounting and payment of all wages due,

24   plus interest and statutory costs as allowed by law.

25   //

26   //

27   //

28

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**

**(Cal. Lab. Code §§2698 et seq.)**

**(Alleged by PLAINTIFF against all Defendants)**

106.   PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

107.   PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who does so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." (Stats. 2003, ch. 906, § 1).   Accordingly, PAGA claims cannot be subject to arbitration.

108.   PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, bring this Representative Action on behalf of the State of California with respect to themselves and all individuals who are or previously were employed by DEFENDANT and classified as non-exempt employees in California during the time period of September 20, 2020 until the present (the "AGGRIEVED EMPLOYEES").

109.   On September 20, 2021, PLAINTIFF gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  See Exhibit #1, attached hereto and incorporated by this reference herein.   The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.   As a result, pursuant to Section 2699.3, Plaintiff may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

27

**CLASS ACTION COMPLAINT**

Exhibit A, Page 31

1    The policies, acts and practices heretofore described were and are an unlawful business act or practice

2    because DEFENDANTS (a) failed to properly record and pay PLAINTIFF and the other AGGRIEVED

3    EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order,

4    (b) failed to provide accurate itemized wage statements, (c) failed to provide mandatory meal breaks and

5    rest breaks, (d) failed to pay meal and rest break premiums at the correct rate, and (e) failed to timely pay

6    wages at the correct rate, all in violation of the applicable Labor Code sections listed in Labor Code

7    §2699.5, including but not limited to Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226,

8    226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802,

9    and 2804, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a

10   result of such conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor

11   Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal

12   conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

13                                    **PRAYER FOR RELIEF**

14          WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

15   1.   On behalf of the CALIFORNIA CLASS:

16          A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as

17   a class action pursuant to Cal. Code of Civ. Proc. § 382;

18          B)     An order temporarily, preliminarily and permanently enjoining and restraining

19   DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

20          C)     An order requiring DEFENDANTS to pay all wages and all sums unlawfully withheld

21   from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

22          D)     Restitutionary disgorgement of DEFENDANTS's ill-gotten gains into a fluid fund for

23   restitution of the sums incidental to DEFENDANTS's violations due to PLAINTIFF and to the other

24   members of the CALIFORNIA CLASS.

25          E)     That the Court certify the Second, Third, Fourth, Fifth, Sixth, and Seventh, Causes of

26   Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. §

27   382;

28

1.      Compensatory damages, according to proof at trial, including compensatory damages for minimum wage compensation, and overtime compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus interest thereon at the statutory rate;

2.      The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

3.      Meal and rest period compensation pursuant to California Labor Code Section 226.7, 512 and the applicable IWC Wage Order;

4.      For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197; and

5.      The wages of all terminated employees as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

2.  On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES: Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004;

3.  On all claims:

A)     An award of interest, including prejudgment interest at the legal rate;

B)     Such other and further relief as the Court deems just and equitable; and,

C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194, and/ or §2699 *et seq.*

Dated: November 24, 2021

Respectfully Submitted,
JCL LAW FIRM, A.P.C.

By: _____
Jean-Claude Lapuyade
Attorneys for PLAINTIFF

**CLASS ACTION COMPLAINT**

Exhibit A, Page 33

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on all issues triable to a jury.

Dated: November 24 2021

Respectfully Submitted,
JCL LAW FIRM, A.P.C.

By: _____
Jean-Claude Lapuyade
Attorneys for PLAINTIFF

30

# EXHIBIT 1



## ZAKAY LAW GROUP
A PROFESSIONAL LAW CORPORATION

Client # 41901                                                    **September 20, 2021**

**Via Online Filing to LWDA and Certified Mail to Defendants**
**Labor and Workforce Development Agency**
Online Filing

**BARTON & ASSOCIATES, INC. which will do**          **BARTON MYERS ASSOCIATES, INC.**
**business in California as BARTON MEDICAL, INC.**    c/o Barton Myers
c/o National Registered Agents, Inc.                 949 Toro Canyon Rd.
330 N. Brand Blvd., Ste. 700                         Santa Barbara, CA 93108
Glendale, CA 91203                                   *Via Certified Mail with Return Receipt*
*Via Certified Mail with Return Receipt*             *No. 7021 0350 0000 8465 2960*
*No. 7021 0350 0000 8465 3011*

**BARTON ASSOCIATES, INC.**
c/o Kelly S. Barton
21452 Sprucewood
Lake Forest, CA 92630
*Via Certified Mail with Return Receipt*
*No. 7021 0350 0000 8465 2915*

Re:    <u>Notice of Violations of California Labor Code Sections 201, 201.3, 202, 203, 204, 210,
       218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197,
       1197.1, 1197.14, 1198, 1199, 2802, and 2804, Violation of Applicable Industrial
       Welfare Commission Wage Order(s), and Pursuant to California Labor Code Section
       2699.5</u>

Dear Sir/Madam:

Our offices represent Plaintiff LATISHA SHACONNA ANDERSON ("Plaintiff"), and other
aggrieved employees in a proposed lawsuit against BARTON MYERS ASSOCIATES, INC.
("Defendant Myers"), BARTON & ASSOCIATES, INC. ("Defendant Barton"), and BARTON &
ASSOCIATES, INC., which will do business in California as BARTON MEDICAL, INC.
("Defendant Barton Medical"). Plaintiff was employed by Defendant in California between June
of 2021 to July of 2021 as a non-exempt employee, entitled to payment of all wages and the legally
required meal and rest breaks. Defendant, however, unlawfully failed to record and pay Plaintiff
and other aggrieved employees for all of their time worked, and for all of their meal breaks and
rest breaks. Further, Defendant failed to timely pay Plaintiff and other aggrieved employees for
earned wages.

---

Exhibit A, Page 36

Page 2 of 3
September 20, 2021
Latisha Shaconna Anderson v. Barton Myers Associates, Inc.

As a consequence of the aforementioned violations, Plaintiff further contends that Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in violation of California Labor Code section 226(a). Said conduct, in addition to the foregoing Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, violates the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

**Plaintiff seeks to represent a group of aggrieved employees defined as all non-exempt and exempt employees who worked for Defendant Myers, Defendant Barton and/or Defendant Barton Medical during the relevant claim period.**

A true and correct copy of the proposed Complaint by Plaintiff against Defendant, which (1) identifies the alleged violations, (2) details the facts and theories which support the alleged violations, (3) details the specific work performed by Plaintiff, (4) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (5) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

To the extent that entities and/or individuals are named and charged with violations of the Labor Code—making them liable on an individual basis as permitted by numerous Labor Code Sections including, but not limited to 558, 558.1, and 1197.1—Plaintiff reserves any and all rights to add, substitute, or change the name of employer entities and/or individuals responsible for the violations at issue.

Any further amendments and changes to this notice shall relate back to the date of this notice. Consequently, Defendants are on notice that Plaintiff continues her investigation, with the full intent to amend and/or change this notice, to add any undiscovered violations of any of the provisions of the California Labor Code—to the extent that are applicable to this case—and to change and/or add the identities of any entities and/or individuals responsible for the violations contained herein.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq.* The lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Page 3 of 3
September 20, 2021
Latisha Shaconna Anderson v. Barton Myers Associates, Inc.

Your earliest response to this notice is appreciated. If you have any questions or concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

Shani O. Zakay
Attorney for Plaintiff

1    **ZAKAY LAW GROUP, APLC**
     Shani O. Zakay (State Bar #277924)
2    Jackland K. Hom (State Bar #327243)
     3990 Old Town Avenue, Suite C204
3    San Diego, CA 92110
     Telephone: (619) 255-9047
4    Facsimile: (858) 404-9203
     shani@zakaylaw.com
5    jackland@zakaylaw.com

6    **JCL LAW FIRM, APC**
     Jean-Claude Lapuyade (State Bar #248676)
7    Eduardo Garcia (State Bar #290572)
     3990 Old Town Avenue, Suite C204
8    San Diego, CA 92110
     Telephone: (619) 599-8292
9    Facsimile: (619) 599-8291
     jlapuyade@jcl-lawfirm.com
10   egarcia@jcl-lawfirm.com
11
12   Attorneys for Plaintiff

13                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                    **IN AND FOR THE COUNTY OF LOS ANGELES**

15   | | |
     |---|---|
16   | LATISHA SHACONNA ANDERSON, an individual, on behalf of herself, and on behalf of all persons similarly situated, | Case No. _____ |

17
                                              **CLASS ACTION COMPLAINT FOR:**
18                  Plaintiffs,
                                              1. UNFAIR COMPETITION IN
19   vs.                                         VIOLATION OF CAL. BUS. & PROF.
                                                 CODE §§ 17200, *et seq.*;
20   BARTON MYERS ASSOCIATES, INC., a          2. FAILURE TO PAY OVERTIME WAGES
     California Corporation; BARTON               IN VIOLATION OF CAL. LAB. CODE
21   ASSOCIATES, INC., a California Corporation;   §§ 510, *et seq.*
     BARTON & ASSOCIATES, INC., which will     3. FAILURE TO PAY MINIMUM WAGES
22   do business in California as BARTON          IN VIOLATION OF CAL. LAB. CODE
     MEDICAL, INC., a Delaware Corporation and    §§ 1194, 1197 & 1197.1;
23   DOES 1 through 50, Inclusive;             4. FAILURE TO PROVIDE REQUIRED
                                                 MEAL PERIODS IN VIOLATION OF
24                  Defendants.                   CAL. LAB. CODE §§ 226.7 & 512 AND
                                                 THE APPLICABLE IWC WAGE
25                                               ORDER;
                                              5. FAILURE TO PROVIDE REQUIRED
26                                               REST PERIODS IN VIOLATION OF
                                                 CAL. LAB CODE §§ 226.7 & 512 AND
27                                               THE APPLICABLE IWC WAGE
                                                 ORDER;
28

                                          1
                              **CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11

6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO PAY WAGES WHEN DUE IN VIOLATION OF CAL. LABOR CODE §§ 201, 202 AND 203;
8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
9. VIOLATION OF GOVT. CODE § 12940– DISABILITY DISCRIMINATION
10. RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5
11. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
12. BREACH OF CONTRACT

**DEMAND FOR JURY TRIAL**

12      Plaintiff LATISHA SHACONNA ANDERSON ("PLAINTIFF") an individual, on behalf of

13  herself and all other similarly situated current and former employees alleges on information and belief,

14  except for her own acts and knowledge which are based on personal knowledge, the following:

15                                  **THE PARTIES**

16      1.      Defendant BARTON MYERS ASSOCIATES, INC. ("Defendant Myers") is a California

17  Corporation that at all relevant times owns and operates a locum tenens staffing agency which provided

18  temporary employees to medical and dental facilities in the state of California, county of Los Angeles.

19      2.      Defendant BARTON & ASSOCIATES, INC. ("Defendant Barton") is a California

20  Corporation that at all relevant times owns and operates a locum tenens staffing agency which provided

21  temporary employees to medical and dental facilities in the state of California, county of Los Angeles.

22      3.      Defendant BARTON & ASSOCIATES, INC., which will do business in California as

23  BARTON MEDICAL, INC. ("Defendant Barton Medical") is a Delaware Corporation that at all

24  relevant times owns and operates a locum tenens staffing agency which provided temporary employees

25  to medical and dental facilities in the state of California, county of Los Angeles

26      4.      Defendant Myers, Defendant Barton and Defendant Barton Medical were the joint

27  employers of PLAINTIFF as evidenced by the contracts signed and by the company the PLAINTIFF

28

**2**

1    performed work for respectively, and are therefore jointly responsible as employers for the conduct

2    alleged herein and collectively referred to herein as "DEFENDANTS" and/or "DEFENDANT."

3    DEFENDANTS provide homecare and healthcare services in the state of California, county of Los

4    Angeles

5        5.    The true names and capacities, whether individual, corporate, subsidiary, partnership,

6    associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to

7    PLAINTIFF who therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc.

8    Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and

9    capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and

10    believes, and based upon that information and belief allege, that the Defendants named in this

11    Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANTS" and/or

12    "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that

13    proximately caused the injuries and damages hereinafter alleged.

14        6.    The agents, servants and/or employees of the DEFENDANTS and each of them acting on

15    behalf of the DEFENDANTS acted within the course and scope of his, her or its authority as the agent,

16    servant and/or employee of the DEFENDANTS, and personally participated in the conduct alleged

17    herein on behalf of the DEFENDANTS with respect to the conduct alleged herein. Consequently, the

18    acts of each of the DEFENDANTS are legally attributable to the other and all DEFENDANTS are

19    jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a

20    proximate result of the conduct of the DEFENDANTS' agents, servants and/or employees.

21        7.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of

22    PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused

23    to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating

24    hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to

25    civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

26        8.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of

27    PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,

28    within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee

**3**

1  a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties

2  for each underpaid employee.

3      9.    PLAINTIFF was employed by DEFENDANTS as a non-exempt employee from June of

4  2021 to July of 2021, paid on an hourly basis, and entitled to the legally required meal and rest periods

5  and payment of minimum wages, and overtime wages due for all time worked.

6      10.    At all times during PLAINTIFF's employment, PLAINTIFF suffered from a disability

7  that requires her to use a wheelchair. DEFENDANT was aware of PLAINTIFF's condition during the

8  course of her employment. In or around June 2021, PLAINTIFF requested a more comfortable chair

9  to sit in for the duration of her work shifts. DEFENDANT provided PLAINTIFF with another chair,

10  however, the chair provided by DEFENDANT was firm causing PLAINTIFF to suffer sores.

11  Subsequently, PLAINTIFF submitted a new request for a more comfortable chair that would not cause

12  her to suffer sores. DEFENDANT refused to accommodate PLAINTIFF and continued to require her

13  to remain in the uncomfortable chair that exacerbated her disability.

14      11.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined

15  as all individuals who are or previously were employed by Defendant Myers and/or Defendant Barton

16  and/or Defendant Barton Medical and classified as non-exempt employees (the "CALIFORNIA

17  CLASS") at any time during the period beginning four years from the date of the filing of this

18  Complaint and ending on a date determined by the Court (the "CLASS PERIOD"). The amount in

19  controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

20  ($5,000,000.00). PLAINTIFF reserves the right to amend the following class definitions before the

21  Court determines whether class certification is appropriate, or thereafter upon leave of Court.

22      12.    PLAINTIFF brings this Class Action on behalf of herself and on behalf of the

23  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses

24  incurred during the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which

25  (1) failed to provide PLAINTIFF and the CALIFORNIA CLASS with legally compliant meal and rest

26  periods or an additional hour of pay at the regular rate of compensation in *lieu* thereof in violation of

27  California Labor Code Sections 226.7(c) and the applicable Industrial Welfare Commission Wage

28  Order, (2) failed to pay PLAINTIFF and the CALIFORNIA CLASS for all hours worked in violation

1 | of, *inter alia,* California Labor Code Sections 510, 1194, 1197, and 1197.1, and (3) failed to provide
2 | accurate itemized wage statements in violation of California Labor Code Sections 226 and 226.3.

3 |     13.    DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and
4 | deceptive business practices whereby DEFENDANTS retained and continues to retain wages due
5 | PLAINTIFF and the other members of the CALIFORNIA CLASS.

6 |     14.    PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction
7 | enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and the other
8 | members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past
9 | and current unlawful conduct, and all other appropriate legal and equitable relief.

10 | **JURISDICTION AND VENUE**

11 |     15.    This Court has jurisdiction over this Action pursuant to California Code of Civil
12 | Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is
13 | brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of
14 | DEFENDANTS pursuant to Cal. Code of Civ. Proc. § 382.

15 |     16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections
16 | 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANTS, and DEFENDANTS
17 | (i) currently maintain and at all relevant times, maintained offices and facilities in this County and/or
18 | conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged
19 | in this County against members of the CALIFORNIA CLASS.

20 | **THE CONDUCT**

21 |     17.    In violation of the applicable sections of the California Labor Code and the requirements
22 | of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company
23 | policy, practice and procedure, intentionally, knowingly, and systematically failed to provide legally
24 | compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members
25 | of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFF and the other
26 | members of the CALIFORNIA CLASS for all time worked, failed to pay PLAINTIFF and the other
27 | members of the CALIFORNIA CLASS overtime at the regular rate, failed to compensate PLAINTIFF
28 | and other members of the CALIFORNIA CLASS meal rest premiums at the regular rate, and failed to

1   issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage

2   statements showing, among other things, all applicable hourly rates in effect during the pay periods and

3   the corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and

4   practices are intended to purposefully avoid the accurate and full payment for all time worked as

5   required by California law which allows DEFENDANTS to illegally profit and gain an unfair

6   advantage over competitors who comply with the law. To the extent equitable tolling operates to toll

7   claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should be adjusted

8   accordingly.

9   **A.   Meal Period Violations**

10      18.   Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS were

11   required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning

12   the time during which an employee is subject to the control of an employer, including all the time the

13   employee is suffered or permitted to work. From time-to-time during the CLASS PERIOD,

14   DEFENDANTS required PLAINTIFF and CALIFORNIA CLASS Members to work without paying

15   them for all the time they were under DEFENDANTS' control. Specifically, as a result of

16   PLAINTIFF's demanding work requirements and DEFENDANT'S understaffing, DEFENDANTS

17   required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-

18   duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked

19   out for what should have been PLAINTIFF's off-duty meal break. Indeed, there were many days where

20   PLAINTIFF did not even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA

21   CLASS Members forfeited minimum wage and overtime wages by regularly working without their

22   time being accurately recorded and without compensation at the applicable minimum wage and

23   overtime rates. DEFENDANTS' uniform policy and practice not to pay PLAINTIFF and other

24   CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANTS' business

25   records.

26      19.   From time-to-time during the CLASS PERIOD, as a result of their rigorous work

27   schedules, and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other CALIFORNIA

28   CLASS Members were from time to time unable to take thirty (30) minute off-duty meal breaks and

1   were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS

2   Members were required from time to time to perform work as ordered by DEFENDANTS for more

3   than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANTS from

4   time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-

5   duty meal period for some workdays in which these employees were required by DEFENDANTS to

6   work ten (10) hours of work from time to time. The nature of the work performed by PLAINTIFF and

7   other CALIFORNIA CLASS Members does not qualify for limited and narrowly construed "on-duty"

8   meal period exception. PLAINTIFF and other CALIFORNIA CLASS Members therefore forfeited

9   meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate

10   policy and practice.

11   **B.    Rest Period Violations**

12   20.    From time-to-time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA

13   CLASS members were also required from time to time to work in excess of four (4) hours without

14   being provided ten (10) minute rest periods as a result of their rigorous work schedule, being required

15   to take orders, receive payments, expedite services, provide janitorial services, and DEFENDANTS'

16   inadequate staffing. Further, for the same reasons these employees were denied their first rest periods

17   of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to

18   time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six

19   (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10)

20   minutes for some shifts worked of ten (10) hours or more from time to time. When they were provided

21   with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time,

22   required to remain on duty and/or on call. PLAINTIFF and other CALIFORNIA CLASS Members

23   were also not provided with one-hour wages in lieu thereof. As a result of their rigorous work schedules

24   and DEFENDANTS' inadequate staffing, PLAINTIFF and other CALIFORNIA CLASS Members

25   were from time to time denied their proper rest periods by DEFENDANTS and DEFENDANTS'

26   managers.

27

28   / / /

1    **C.   Wage Statement Violations**

2         19.    California Labor Code Section 226 requires an employer to furnish its employees an

3    accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

4    number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

5    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

6    employee and only the last four digits of the employee's social security number or an employee

7    identification number other than a social security number, (8) the name and address of the legal entity

8    that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

9    corresponding number of hours worked at each hourly rate by the employee.

10        20.    From time to time during the CLASS PERIOD, when PLAINTIFF and other

11   CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed meal

12   and rest period premiums, or were not paid for all hours worked, DEFENDANTS also failed to provide

13   PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements

14   which failed to show, among other things, the total hours worked and all applicable hourly rates in

15   effect during the pay period and the corresponding amount of time worked at each hourly rate, correct

16   rates of pay for penalty payments or missed meal and rest periods.

17        21.    Further, form time-to-time, DEFENDANTS furnished PLAINTIFF and the members of

18   the CALIFORNIA CLASS with wage statements that failed to, gross wages earned, total hours worked,

19   the inclusive dates of the period for which the employee is paid, the name of the employee and either

20   the last for digits of his or her social security number or an employee identification number and the

21   correct applicable hourly rates in effect during the pay period  and the corresponding number of hours

22   worked at each hourly rate  by the employee.

23        22.    In addition to the violations described above, DEFENDANTS, from time to time, failed

24   to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply

25   with Cal. Lab. Code § 226. As a result, DEFENDANTS issued PLAINTIFF and the other members of

26   the CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

27   DEFENDANTS' violations are knowing and intentional, were not isolated or due to an unintentional

28   payroll error due to clerical or inadvertent mistake.

**D. Regular Rate Violation – Overtime, Meal Premiums, and Sick Time**

23.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their overtime worked, meal and period premiums and sick pay.  DEFENDANT systematically, unlawfully and unilaterally failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for working without compensation at the correct overtime, meal and rest period premiums and sick pay rates.  DEFENDANT's uniform policy and practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANT's business records.

24.     State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive compensation that was tied to specific elements of an employee's performance.

25.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive compensation that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime, meal and rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay". Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation, meal and

9

**CLASS ACTION COMPLAINT**

1   rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS Members by

2   DEFENDANT.   Additionally. Pursuant to the Industrial Welfare Commission Wage Orders,

3   DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their

4   time worked, meaning the time during which an employee is subject to the control of an employer,

5   including all the time the employee is suffered or permitted to work.  DEFENDANT required

6   PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they

7   were under DEFENDANT's control. Specifically, DEFENDANT required PLAINTIFF to work while

8   clocked out during what was supposed to be PLAINTIFF's off-duty meal break.  PLAINTIFF was

9   from time to time interrupted by work assignments.  As a result, the PLAINTIFF and other

10   CALIFORNIA CLASS Members forfeited overtime compensation by working without their time

11   being accurately recorded and without compensation at the applicable overtime rates.

12   DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS

13   Members for all time worked is evidenced by DEFENDANT's business records

14   **E.   Plaintiff's Individual Claims**

15       26.     PLAINTIFF was employed by DEFENDANTS from June of 2021 to July of 2021.

16       27.     PLAINTIFF was under an employment contract from June of 2021 until November of

17   2021.

18       28.     On July 27, 2021, PLAINTIFF was terminated from her employment. PLAINTIFF was

19   suffering from a disability at the time of her termination.

20       29.     PLAINTIFF is informed and believes, and upon such information and belief alleges, that,

21   during PLAINTIFF's employment with DEFENDANT and at the time of her termination, PLAINTIFF

22   was treated differently and unfairly by DEFENDANTS and its agents, all in discrimination against

23   PLAINTIFF because of her disability.

24       30.     On or around June 25, 2021, PLAINTIFF requested a leave of absence from

25   DEFENDANT due to her disability. Specifically, PLAINTIFF requested a leave of absence after her

26   request for a more comfortable chair to accommodate her medical disability was denied. Because her

27   request for a more comfortable chair was denied, Plaintiff sustained sores shortly thereafter resulting

28   in her submitting a note from her physician requesting a leave of absence to her supervisor.

**10**
**CLASS ACTION COMPLAINT**

1    PLAINTIFF'S leave of absence was anticipated to begin the same day and was to last for approximately

2    three (3) days.

3         31.    On or around the end of July of 2021, PLAINTIFF received a call from DEFENDANTS

4    who indicated that PLAINTIFF was no longer needed in the facility and to return home to North

5    Carolina. DEFENDANTS terminated PLAINTIFF's employment on July 27, 2021, and PLAINTIFF

6    returned to North Carolina on July 29, 2021.

7         32.    PLAINTIFF is informed and believes, and upon such information and belief alleges that,

8    DEFENDANTS' conduct in terminating PLAINTIFF before the end of the contract term after she

9    previously requested administrative leave and subsequently terminating her employment shortly after

10   she requested medical disability leave, was part of DEFENDANTS' pattern of behavior aimed at

11   discriminating against PLAINTIFF for taking a medical disability leave.

12        33.    PLAINTIFF filed a complaint with the California Department of Fair Employment and

13   Housing and received a "right to sue" letter on XXX, 2021, thereby exhausting her administrative

14   remedies.

15   **F.   CLASS ACTION ALLEGATIONS**

16        34.    PLAINTIFF brings the First through Seventh Causes of Action as a class action pursuant

17   to California Code of Civil Procedure § 382 on behalf of all of DEFENDANTS' current and former

18   non-exempt California employees ("CALIFORNIA CLASS") during the period beginning four years

19   prior to the filing of the Complaint and ending on a date determined by the Court ("CLASS PERIOD").

20        35.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been

21   deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid

22   minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums, illegal meal

23   and rest period policies, failure to separately compensate rest periods, failure to provide accurate

24   itemized wage statements, failure to maintain required records, and interest, statutory and civil

25   penalties, attorney's fees, costs, and expenses.

26        36.    The members of the class are so numerous that joinder of all class members is impractical.

27        37.    Common questions of law and fact regarding DEFENDANTS' conduct, including but not

28   limited to, unpaid meal and rest period premiums, failure to accurately calculate the regular rate of pay

1   for overtime compensation, failure to accurately calculate the regular rate of compensation for missed

2   meal and rest period premiums, failing to provide legally compliant meal and rest periods, failure to

3   provide accurate itemized wage statements accurate, and failure to ensure they are paid at least

4   minimum wage and overtime, exist as to all members of the class and predominate over any questions

5   affecting solely any individual members of the class. Among the questions of law and fact common to

6   the class are:

7       a.      Whether DEFENDANTS maintained legally compliant meal period

8               policies and practices;

9       b.      Whether DEFENDANTS maintained legally compliant rest period

10              policies and practices;

11      c.      Whether DEFENDANTS failed to pay PLAINTIFF and the

12              CALIFORNIA CLASS Members accurate premium payments for missed

13              meal and rest periods;

14      d.      Whether DEFENDANTS failed to pay PLAINTIFF and the

15              CALIFORNIA CLASS Members accurate overtime wages;

16      e.      Whether DEFENDANTS failed to pay PLAINTIFF and the

17              CALIFORNIA CLASS Members at least minimum wage for all hours

18              worked;

19      f.      Whether DEFENDANTS issued legally compliant wage statements;

20      g.      Whether DEFENDANTS committed an act of unfair competition by

21              systematically failing to record and pay PLAINTIFF and the other members

22              of the CALIFORNIA CLASS for all time worked;

23      h.      Whether DEFENDANTS committed an act of unfair competition by

24              systematically failing to record all meal and rest breaks missed by

25              PLAINTIFF and other CALIFORNIA CLASS Members, even though

26              DEFENDANTS enjoyed the benefit of this work, required employees to

27              perform this work and permits or suffers to permit this work;

28      i.      Whether DEFENDANTS committed an act of unfair competition in

violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

38.     PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANTS' conduct and actions alleged herein.

39.     PLAINTIFF's claims are typical of the claims of the class, and PLAINTIFF has the same interests as the other members of the class.

40.     PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS Members.

41.     PLAINTIFF retained able class counsel with extensive experience in class action litigation.

42.     Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the interests of the other CALIFORNIA CLASS Members.

43.     There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, *inter alia,* ensure that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

44.     The questions of law and fact common to the CALIFORNIA CLASS Members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members in impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

a.      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the

1    parties opposing the CALIFORNIA CLASS; and/or,

2          b.      Adjudication with respect to individual members of the CALIFORNIA CLASS

3          which would as a practical matter be dispositive of the interests of the other members not

4          party to the adjudication or substantially impair or impeded their ability to protect their

5          interests.

6    46.   Class treatment provides manageable judicial treatment calculated to bring an efficient

7    and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of

8    DEFENDANTS.

9                              **FIRST CAUSE OF ACTION**

10                            **For Unlawful Business Practices**

11                        **[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

12           **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

13   47.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

14   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

15   48.   DEFENDANTS are "person[s]" as that term is defined under Cal. Bus. and Prof. Code §

16   17021.

17   49.   California Business & Professions Code §§ 17200, *et seq*. (the "UCL") defines unfair

18   competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes

19   injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

20                Any person who engages, has engaged, or proposes to engage in unfair

21                competition may be enjoined in any court of competent jurisdiction. The

22                court may make such orders or judgments, including the appointment of a

23                receiver, as may be necessary to prevent the use or employment by any

24                person of any practice which constitutes unfair competition, as defined in

25                this chapter, or as may be necessary to restore to any person in interest any

26                money or property, real or personal, which may have been acquired by

27                means of such unfair competition.

28   Cal. Bus. & Prof. Code § 17203.

50.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, during the CLASS PERIOD, DEFENDANTS commit acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging and continuing to engage in business practices which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, & 2802 for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

51.     By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous, or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

52.     By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice failed to, *inter alia,* provide the legally mandated meal and rest periods, the required accurate amount of compensation for missed meal and rest periods, overtime and minimum wages owed, provide accurate itemized wage statements, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

53.     By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair, and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANTS.

54.     By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair, and deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to, *inter alia,* provide the legally mandated meal and rest periods, the required accurate amount of compensation for

1   missed meal and rest periods, overtime and minimum wages owed, provide accurate itemized wage

2   statements, to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal.

3   Labor Code.

4       55.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

5   CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period

6   was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in

7   which a second off-duty meal period was not timely provided for each ten (10) hours of work.

8       56.    PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA

9   CLASS Member, one (1) hour of pay for each workday in which an off duty paid rest period was not

10   timely provided as required by law.

11       57.    PLAINTIFF further demands on all wages due to PLAINTIFF and the members of the

12   CALIFORNIA CLASS as a result of working while off the clock on meal periods, inaccurately

13   calculated overtime and missed meal and rest periods premiums.

14       58.    By and through the unlawful and unfair business practices described herein,

15   DEFENDANTS has obtained valuable property, money, and services from PLAINTIFF and the other

16   members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has

17   deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of

18   these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly

19   compete against competitors who comply with the law.

20       59.    All the acts described herein as violations of, among other things, the Industrial Welfare

21   Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were

22   unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were

23   deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

24   Bus. & Prof. Code §§ 17200, *et seq*.

25       60.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do,

26   seek such relief as may be necessary to restore to them the money and property which DEFENDANTS

27   has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been

28   deprived, by means of the above described unlawful and unfair business practices, including earned but

1 unpaid wages for all overtime worked.

2 61. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,
3 and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and
4 that injunctive relief should be issued restraining DEFENDANTS from engaging in any unlawful and
5 unfair business practices in the future.

6 62. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy
7 and/or adequate remedy at law that will end the unlawful and unfair business practices of
8 DEFENDANTS. Further, the practices herein alleged presently continue to occur unabated. As a result
9 of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of
10 the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic
11 harm unless DEFENDANTS is restrained from continuing to engage in these unlawful and unfair
12 business practices.

13 **SECOND CAUSE OF ACTION**

14 **For Failure to Pay Overtime Compensation**

15 **[Cal. Lab. Code §§ 510, *et seq.*]**

16 **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

17 63. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and
18 incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

19 64. PLAINTIFF and the other members of the CALIFORNIA CLASS for the period
20 beginning four years prior to the filing of the Complaint and the present ("CLASS PERIOD") bring a
21 claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the
22 Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees for
23 all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve
24 (12) hours in a workday, and/or forty (40) hours in any workweek.

25 65. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy,
26 an employer must timely pay its employees for all hours worked.

27 66. Cal. Lab. Code § 510 further provides that employees in California shall not be employed
28 more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they

17

1  receive additional compensation beyond their regular wages in amounts specified by law.

2      67.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including

3  overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198

4  further states that the employment of an employee for longer hours than those fixed by the Industrial

5  Welfare Commission is unlawful.

6      68.    During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members were

7  required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time they worked

8  or were not accurately compensated for all overtime hours worked.

9      69.    DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,

10  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a

11  uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other

12  CALIFORNIA CLASS Members and denied accurate compensation to PLAINTIFF and the other

13  members of the CALIFORNIA CLASS for overtime worked, including, the overtime work performed

14  in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours

15  in any workweek.

16      70.    In committing these violations of the California Labor Code, DEFENDANTS inaccurately

17  calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid

18  the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS.

19  DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits

20  in violation of the California Labor Code, the Industrial Welfare Commission requirements and other

21  applicable laws and regulations.

22      71.    As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,

23  PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full compensation for

24  all overtime worked.

25      72.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the

26  overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other

27  members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the

28  CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude

1  the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on

2  behalf of herself, and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-

3  negotiable, non-waivable rights provided by the State of California.

4      73.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA

5  CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned

6  wages.

7      74.    DEFENDANTS failed to accurately pay PLAINTIFF and the other members of the

8  CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum

9  hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF

10  and the other members of the CALIFORNIA CLASS were required to work, and did in fact work,

11  overtime as to which DEFENDANTS failed to accurately record and pay using the applicable overtime

12  rate as evidenced by DEFENDANTS' business records and witnessed by employees.

13     75.    By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation

14  to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked,

15  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to

16  suffer an economic injury in amounts which are presently unknown to them, and which will be

17  ascertained according to proof at trial.

18     76.    DEFENDANTS knew or should have known that PLAINTIFF and the other members of

19  the CALIFORNIA CLASS were under compensated for all overtime worked.  DEFENDANTS

20  systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay

21  employees for their labor as a matter of uniform company policy, practice and procedure, and

22  DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other

23  members of the CALIFORNIA CLASS for overtime worked.

24     77.    In performing the acts and practices herein alleged in violation of California labor laws,

25  and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide

26  them with the requisite overtime compensation, DEFENDANTS acted and continues to act intentionally,

27  oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS

28  with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the

1    despicable intent of depriving them of their property and legal rights, and otherwise causing them injury

2    in order to increase company profits at the expense of these employees.

3         78.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request

4    recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as

5    well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the

6    California Labor Code and/or other applicable statutes.   To the extent overtime compensation is

7    determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment,

8    DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals

9    are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

10   herein on behalf of these CALIFORNIA CLASS Members. DEFENDANTS' conduct as alleged herein

11   was willful, intentional, and not in good faith.  Further, PLAINTIFF and other CALIFORNIA CLASS

12   Members are entitled to seek and recover statutory costs.

13                              **THIRD CAUSE OF ACTION**

14                          **For Failure to Pay Minimum Wages**

15                        **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

16            **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

17        79.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

18   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

19        80.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for

20   DEFENDANTS' willful and intentional violations of the California Labor Code and the Industrial

21   Welfare Commission requirements for DEFENDANTS' failure to accurately record, calculate and pay

22   minimum wages to PLAINTIFF and CALIFORNIA CLASS Members during the CLASS PERIOD.

23        81.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy,

24   an employer must timely pay its employees for all hours worked.

25        82.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

26   commission is the minimum wage to be paid to employees, and the payment of a less wage than the

27   minimum so fixed in unlawful.

28        83.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including

                                      20

1  minimum wage compensation and interest thereon, together with the costs of suit.

2  84.    DEFENDANTS maintain a uniform wage practice of paying PLAINTIFF and the other
3  members of the CALIFORNIA CLASS without regard to the correct amount of time they work.  For
4  instance, as set forth herein, DEFENDANTS maintained a uniform policy that required PLAINTIFF to
5  work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break without
6  compensation.  Further, as set forth herein, DEFENDANTS' uniform policy and practice was to
7  unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members
8  of the CALIFORNIA CLASS.

9  85.    DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,
10  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a
11  uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members
12  of the CALIFORNIA CLASS in regard to minimum wage pay.

13  86.    In committing these violations of the California Labor Code, DEFENDANTS inaccurately
14  calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF
15  and other members of the CALIFORNIA CLASS.  DEFENDANTS acted in an illegal attempt to avoid
16  the payment of all earned wages, and other benefits in violation of the California Labor Code, the
17  Industrial Welfare Commission requirements and other applicable laws and regulations.

18  87.    As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,
19  PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum
20  wage compensation for their time worked for DEFENDANTS.

21  88.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA
22  CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned
23  wages.

24  89.    By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation
25  to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked,
26  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to
27  suffer an economic injury in amounts which are presently unknown to them, and which will be
28  ascertained according to proof at trial.

90. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for their time worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

91. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

92. PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS members. DEFENDANTS' conduct as alleged herein was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

93. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

1 │ incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2 │      94.    During the CLASS PERIOD, from time to time, DEFENDANTS failed to provide all the

3 │ legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as

4 │ required by the applicable Wage Order and Labor Code.  The nature of the work performed by

5 │ PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved

6 │ of all their duties for the legally required off-duty meal periods.  As a result of their rigorous work

7 │ schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time not fully

8 │ relieved of duty by DEFENDANTS for their meal periods.  Additionally, DEFENDANTS' failure to

9 │ provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior

10 │ to their fifth (5th) hour of work is evidenced by DEFENDANTS' business records from time to time.

11 │ Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a

12 │ second off-duty meal period in some workdays in which these employees were required by

13 │ DEFENDANTS to work ten (10) hours of work. As a result, PLAINTIFF and other members of the

14 │ CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in

15 │ accordance with DEFENDANTS' strict corporate policy and practice.

16 │      95.    DEFENDANTS further violate California Labor Code §§ 226.7 and the applicable IWC

17 │ Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not

18 │ provided a meal period, in accordance with the applicable Wage Order, one additional hour of

19 │ compensation at each employee's regular rate of compensation for each workday that a meal period was

20 │ not provided.

21 │      96.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

22 │ CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned

23 │ and due, interest, penalties, expenses and costs of suit.

24 │ **FIFTH CAUSE OF ACTION**

25 │ **For Failure to Provide Required Rest Periods**

26 │ **[Cal. Lab. Code §§ 226.7 & 512]**

27 │ **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

28 │      97.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

1   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2        98.    During the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members

3   were from time to time required to work in excess of four (4) hours without being provided ten (10)

4   minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

5   minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at

6   least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second

7   and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from

8   time to time.  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-

9   hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other

10  CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANTS

11  and DEFENDANTS' managers.

12       99.    DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC

13  Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not

14  provided a rest period, in accordance with the applicable Wage Order, one additional hour of

15  compensation at each employee's regular rate of compensation for each workday that rest period was

16  not provided.

17       100.   As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

18  CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned

19  and due, interest, penalties, expenses and costs of suit.

20  **SIXTH CAUSE OF ACTION**

21  **For Failure to Provide Accurate Itemized Statements**

22  **[Cal. Lab. Code §§ 226 and 226.2]**

23  **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

24       101.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

25  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

26       102.   Cal. Labor Code § 226 provides that an employer must furnish employees with an

27  "accurate itemized" statement in writing showing:

28           1.    Gross wages earned;

24

2.      Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

3.      The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

4.      All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

5.      Net wages earned;

6.      The inclusive dates of the period for which the employee is paid,

7.      The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

8.      The name and address of the legal entity that is the employer, and

9.      All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

103.    During the CLASS PERIOD, DEFENDANTS also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to accurately show, among other things, (1) total number of hours worked, (2) net wages earned, (3) gross wages earned; (4) the correct name and address of the legal entity that is the employer; and (5) the last four (4) digits of employee's social security number or an employee identification number all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of California Labor Code Section 226(a).

104.    Further, DEFENDANTS violated California Labor Code Section 226(a)(8) by failing to provide the name and address of the legal entity that is the employer. In addition to the foregoing, DEFENDANTS failed to provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226.

1    105.    DEFENDANTS knowingly and intentionally failed to comply with Cal. Labor Code §

2    226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA

3    CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for

4    the overtime worked and the amount of employment taxes which were not properly paid to state and

5    federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other

6    members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars ($50.00)

7    for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

8    violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, and all other damages and

9    penalties available pursuant to Labor Code § 226.2(a)(6), all in an amount according to proof at the time

10   of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective

11   member of the CALIFORNIA CLASS herein.

12                              **SEVENTH CAUSE OF ACTION**

13                           **FAILURE TO PAY WAGES WHEN DUE**

14                               **(Cal Lab. Code §§201, 202, 203)**

15        **((By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

16   106.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

17   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

18   107.    Cal. Lab. Code § 200 provides that:

19                   As used in this article:(a) "Wages" includes all amounts for labor

20                   performed by employees of every description, whether the amount

21                   is fixed or ascertained by the standard of time, task, piece,

22                   Commission basis, or other method of calculation. (b) "Labor"

23                   includes labor, work, or service whether rendered or performed

24                   under contract, subcontract, partnership, station plan, or other

25                   agreement if the labor to be paid for is performed personally by the

26                   person demanding payment.

27   108.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an

28   employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

                                    26
                          **CLASS ACTION COMPLAINT**
                                                          Exhibit A, Page 64

109.    Cal. Lab. Code § 202 provides, in relevant part, that:

>       If an employee not having a written contract for a definite period
>       quits his or her employment, his or her wages shall become due and
>       payable not later than 72 hours thereafter, unless the employee has
>       given 72 hours previous notice of his or her intention to quit, in
>       which case the employee is entitled to his or her wages at the time
>       of quitting. Notwithstanding any other provision of law, an
>       employee who quits without providing a 72-hour notice shall be
>       entitled to receive payment by mail if he or she so requests and
>       designates a mailing address. The date of the mailing shall constitute
>       the date of payment for purposes of the requirement to provide
>       payment within 72 hours of the notice of quitting.

110.    There was no definite term in PLAINTIFF's or any CALIFORNIA CLASS Members' employment contract.

111.    Cal. Lab. Code § 203 provides:

>       If an employer willfully fails to pay, without abatement or reduction,
>       in accordance with Sections 201, 201.5, 202, and 205.5, any wages
>       of an employee who is discharged or who quits, the wages of the
>       employee shall continue as a penalty from the due date thereof at the
>       same rate until paid or until an action therefor is commenced; but
>       the wages shall not continue for more than 30 days.

112.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated, and DEFENDANTS has not tendered payment of wages, to these employees who missed meal and rest breaks, as required by law.

113.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA CLASS whose employment has, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated

1 | employment during the CLASS PERIOD and demands an accounting and payment of all wages due,
2 | plus interest and statutory costs as allowed by law.

3 | **EIGHTH CAUSE OF ACTION**

4 | **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

5 | **(By PLAINTIFF and against all DEFENDANTS)**

6 | 114.   PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,
7 | the prior paragraphs of this Complaint.

8 | 115.   PLAINTIFF's wrongful termination on or about July 27, 2021 was for a pretextual
9 | reason(s) to disguise DEFENDANTS' unlawful employment practices directed at PLAINTIFF.

10 | 116.   Within the State of California there exists a substantial and fundamental public policy,
11 | set forth in the California Government Code §12900 et seq., which forbids disability
12 | harassment/discrimination, retaliation, and wrongful termination. Unlawful harassment includes the
13 | right to be free from unwanted, offensive harassment, and the right to protest such conduct without fear
14 | of retaliation or further harm. This public policy of the state is one that benefits the public at large and
15 | guarantees the rights of an employee to perform their work free from disability
16 | harassment/discrimination/retaliation.

17 | 117.   The motivating reason(s) for PLAINTIFF's termination was disability
18 | harassment/discrimination and PLAINTIFF's protests and/or resistance thereof. PLAINTIFF's
19 | discharge from her position of employment was in violation of the public policies of the State of
20 | California.

21 | 118.   In retaliation for complaining to DEFENDANT and requesting that DEFENDANT
22 | provide PLAINTIFF with a new, more comfortable chair to accommodate her disability, as set forth
23 | herein, PLAINTIFF was retaliated against and wrongfully discharged from employment, in violation
24 | of Cal. Lab. Code § 98.6.

25 | 119.   As set forth in detail above, PLAINTIFF's direct supervisor committed violations of
26 | Federal and California laws, and when PLAINTIFF complained of such violations to DEFENDANT,
27 | PLAINTIFF was subsequently terminated in retaliation just weeks later.

28 |

120.    In or around June 2021, PLAINTIFF engaged in a protected activity by submitting to DEFENDANT a note from her physician indicating her need to take a leave of absence because PLAINTIFF had suffered sores on her body due to the uncomfortable chair provided by DEFENDANTS.

121.    Subsequent to PLAINTIFF's participation in protective activity by requesting a medical leave of absence to DEFENDANT, DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating against her. Specifically, after PLAINTIFF requested a leave of absence, DEFENDANT terminated PLAINTIFF's employment with DEFENDANT. As a result, there is a causal link between the protected activity and DEFENDANT's decision to terminate her employment, which is against public policy.

122.    Cal. Labor Code § 1102.5 and Government Code §§ 12900, et seq. prohibit an employer from taking an adverse employment action against an employee, including terminating an employee's employment, for raising complaints of illegality and/or belief that the employee may disclose illegality.

123.    Cal. Labor Code § 6310 prohibits discrimination against employees for exercising their rights by complaining of illegal practices.

124.    As a result of DEFENDANTS' actions, PLAINTIFF has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.

125.    In doing the acts herein alleged, DEFENDANTS acted with malice and oppression, and with a conscious disregard of PLAINTIFF's rights, and PLAINTIFF is entitled to exemplary and punitive damages from DEFENDANT in an amount to be determined to punish DEFENDANT and to deter such wrongful conduct in the future.

126.    PLAINTIFF was harmed by DEFENDANT'S wrongful and illegal termination of her employment.

127.    The wrongful termination of the employment of PLAINTIFF was and is a substantial factor causing harm to PLAINTIFF.

29
CLASS ACTION COMPLAINT

Exhibit A, Page 67

1    128.    On _____, PLAINTIFF filed a complaint with the Department of Fair

2    Employment & Housing ("DFEH") and received an immediate Right to Sue that same day. (See Exhibit

3    #X).

4                              **NINTH CAUSE OF ACTION**

5    **VIOLATION OF GOVERNMENT CODE §12940 et seq. – DISABILITY DISCRIMINATION**

6                       **(By PLAINTIFF and against all DEFENDANTS)**

7    129.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,

8    the prior paragraphs of this Complaint.

9    130.    PLAINTIFF was employed by DEFENDANTS.

10   131.    DEFENDANTS are employers covered by Government Code §12940 *et seq.*

11   132.    PLAINTIFF was terminated from her employment and/or suffered other adverse

12   employment actions.

13   133.    PLAINTIFF's disability was a substantial motivating reason(s) for her termination and

14   other adverse employment actions.

15   134.    As a result of DEFENDANTS' conduct, PLAINTIFF has suffered substantial losses in

16   earnings and employment benefits and emotional distress in an amount to be determined according to

17   proof at trial.

18   135.    In doing the acts herein alleged, DEFENDANTS acted with malice and oppression, and

19   with a conscious disregard of PLAINTIFF's rights, and PLAINTIFF is entitled to exemplary and

20   punitive damages from DEFENDANTS in an amount to be punish DEFENDANTS and to deter such

21   wrongful conduct in the future.

22                              **TENTH CAUSE OF ACTION**

23   **RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5 and 6310, AND**

24                   **GOVERNMENT CODE § 12900, *et seq.***

25                       **(By PLAINTIFF and against all DEFENDANTS)**

26   136.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,

27   the prior paragraphs of this Complaint.

28

137.     At all relevant times, Labor Code section 1102.5 was in effect and was binding on DEFENDANT. This statute prohibits DEFENDANT from retaliating against any employee, including PLAINTIFF, for raising complaints of illegality and/or belief that the employee may disclose illegality.

138.     At all relevant times, Government Code section 12900 was in effect and was binding on DEFENDANT. This statute prohibits DEFENDANT from committing unlawful employment practices, including retaliating against PLAINTIFF for seeking to exercise rights guaranteed under FEHA, participating in protected activities, and/or opposing DEFENDANT'S failure to provide such rights.

139.     PLAINTIFF raised complaints of illegality while she worked for DEFENDANT, and DEFENDANT retaliated against her by taking adverse employment actions including employment termination against her.

140.     As a proximate result of DEFENDANT'S willful, knowing, and intentional violation(s) of Labor Code section 1102.5 and Government Code section 12900, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

141.     As a result of DEFENDANT'S adverse employment actions against PLAINTIFF, PLAINTIFF has suffered general and special damages in sums according to proof.

142.     DEFENDANT'S misconduct was committed intentionally, in a malicious, oppressive manner, and fraudulent manner, entitling PLAINTIFF to punitive damages against DEFENDANT.

143.     PLAINTIFF filed a complaint with the Department of Fair Employment & Housing ("DFEH"), and received Right to Sue on XXX. (See Exhibit #X).

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

### (By PLAINTIFF and against all DEFENDANTS)

144.     PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

145.     At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law,

1 | plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and
2 | received a right-to-sue letter.

3 |     146.    DEFENDANT wholly failed to attempt any reasonable accommodation of PLAINTIFF's
4 | known disability.  DEFENDANT used PLAINTIFF's disability and her need to sit in a more
5 | comfortable chair as an excuse for terminating plaintiff's employment.

6 |     147.    PLAINTIFF believes and on that basis, alleges that her disability and the need to
7 | accommodate her disability were substantial motivating factors in DEFENDANT's termination of her
8 | employment.

9 |     148.    As a proximate result of DEFENDANT's willful, knowing, and intentional misconduct,
10 | PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment
11 | benefits.

12 |     149.    As a proximate result of DEFENDANT's willful, knowing, and intentional misconduct,
13 | PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and
14 | mental pain and anguish, all to her damage in a sum according to proof.

15 |     150.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.
16 | Pursuant to Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable
17 | attorneys' fees and costs (including expert costs) in an amount according to proof.

18 | DEFENDANT's misconduct was committed intentionally, in a malicious, despicable, oppressive
19 | manner, and fraudulent manner entitling PLAINTIFF to punitive damages against DEFENDANTS.

20 |                             **TWELFTH CAUSE OF ACTION**

21 |                               **BREACH OF CONTRACT**

22 |                        **(By PLAINTIFF and against all DEFENDANTS)**

23 |     151.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,
24 | the prior paragraphs of this Complaint.

25 |     152.    PLAINTIFF entered into an employment agreement with DEFENDANT which entitled
26 | PLAINTIFF to employment with DEFENDANTS through November 2021.

27 |     153.    Moreover, the agreement provided that DEFENDANTS would pay PLAINTIFF
28 | compensation of ninety ($90.00) dollars per hour.

1    154.    Pursuant to the agreement, PLAINTIFF performed work for DEFENDANT and at all
2  times stood ready to perform all the obligations to DEFENDANT which PLAINTIFF undertook in the
3  agreement.

4    155.    However, DEFENDANTS breached the agreement by failing, neglecting, and refusing
5  to provide PLAINTIFF work and pay in accordance with the agreement.

6    156.    As a direct and foreseeable result of DEFENDANT's breach of the agreement,
7  PLAINTIFF has suffered monetary damages.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

3    1.  On behalf of the CALIFORNIA CLASS:

4    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as

5  a class action pursuant to Cal. Code of Civ. Proc. § 382;

6    B)    An order temporarily, preliminarily and permanently enjoining and restraining

7  DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

8    C)    An order requiring DEFENDANTS to pay all wages and all sums unlawfully withheld

9  from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

10    D)    Restitutionary disgorgement of DEFENDANTS's ill-gotten gains into a fluid fund for

11  restitution of the sums incidental to DEFENDANTS's violations due to PLAINTIFF and to the other

12  members of the CALIFORNIA CLASS.

13    E)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, and Seventh, Causes of

14  Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. §

15  382;

16    1.    Compensatory damages, according to proof at trial, including compensatory

17    damages for minimum wage compensation, and overtime compensation due to

18    PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable

19    CALIFORNIA CLASS PERIOD plus interest thereon at the statutory rate;

20    2.    The greater of all actual damages or fifty dollars ($50) for the initial pay period in

21    which a violation occurs and one hundred dollars ($100) per each member of the

22    CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an

23    aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation

24    of Cal. Lab. Code § 226;

25    3.    Meal and rest period compensation pursuant to California Labor Code Section

26    226.7, 512 and the applicable IWC Wage Order;

27    4.    For liquidated damages pursuant to California Labor Code Sections 1194.2 and

28    1197; and

**34**

1       5.      The wages of all terminated employees as a penalty from the due date thereof at

2        the same rate until paid or until an action therefore is commenced, in accordance with

3        Cal. Lab. Code § 203.

4    2.   On Plaintiff's Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action

5        a.   For all special damages which were sustained as a result of DEFENDANTS' conduct,

6          including but not limited to, back pay, front pay, lost compensation and job benefits that

7          PLAINTIFF would have received but for the practices of DEFENDANTS;

8        b.   For all exemplary damages, according to proof, which were sustained as a result of

9          DEFENDANTS' conduct;

10       c.   An award of interest, including prejudgment interest at the legal rate;

11       d.   Such other and further relief as the Court deems just and equitable; and

12       e.   An award of penalties, attorneys' fees and costs of suit, as allowable under the law.

13    3.   On all claims:

14      A)      An award of interest, including prejudgment interest at the legal rate;

15      B)      Such other and further relief as the Court deems just and equitable; and,

16      C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

17 including, but not limited to, pursuant to Labor Code §226, §1194, and/ or §2699 *et seq*.

18

19 Dated: September 20, 2021                  Respectfully Submitted,

20                                      JCL LAW FIRM, A.P.C.

21                                      By: 

22                                      Jean-Claude Lapuyade

23                                      Attorneys for PLAINTIFF

24

25

26

27

28

**35**
**CLASS ACTION COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF demands a jury trial on all issues triable to a jury.

3

4  Dated: September 20, 2021                  Respectfully Submitted,

5                                     JCL LAW FIRM, A.P.C.

6                                     By: _____

7                                     Jean-Claude Lapuyade

8                                     Attorneys for PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**36**
**CLASS ACTION COMPLAINT**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

OFFICIAL USE

| Certified Mail Fee | | Postmark Here |
|---|---|---|
| $ | | |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ _____ | |
| ☐ Return Receipt (electronic) | $ _____ | |
| ☐ Certified Mail Restricted Delivery | $ _____ | |
| ☐ Adult Signature Required | $ _____ | |
| ☐ Adult Signature Restricted Delivery | $ _____ | |
| Postage | | Anderson |
| $ | | 9.20.21 |
| Total Postage and Fees | | |
| $ | | |

Sent To: Barton Assoc

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7021 0350 0000 8465 2915

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Barton Meyers Associates.
40 Barton Meyers
949 Toro Canyon Rd.
Santa Barbara, CA 03108

9590 9402 6744 1060 3012 26

2. Article Number (Transfer from service label)

7021 0350 0000 8465 2960

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 9-24-75

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

Anderson  9.20.21

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

Exhibit A, Page 76

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery<br>**NDS** |
| 1. Article Addressed to:<br>Barton & Associates dba Burton<br>Medical<br>c/o Nat'l Registered agents<br>330 N. Brand Blvd, #700<br>Glendale, CA 91203 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No<br><br>SEP 27 2021<br><br>Anderson 9 30 alice<br>Delivery Service |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 6744 1060 3012 57 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery<br>(over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7021 0350 0000 8465 3011 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

Exhibit A, Page 77

**jcl**

5440 Morehouse Drive | Suite 3600
San Diego | CA | 92121

FP® US POSTAGE
$002.96*
First-Class - IMI
ZIP 92121

12/27/2021
035A 0071909190

+ V Rocha

Michael J. Holecek, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Exhibit A, Page 78